# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VIRA D. ROSE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0947** (BOR Appeal No. 2047004)
                    (Claim No. 2007215893)

**AMFIRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vira D. Rose, by Jerome J. McFadden, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 17, 2012, in which the Board affirmed a February 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 22, 2010, decisions which denied a request for retroactive authorization for physical therapy and a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rose, a belt man and fire boss, injured her left shoulder and knee in the course of her employment when she tripped and fell down a flight of stairs. The claim was held compensable for sprain of the neck; sprain of the knee and leg; and sprain of the shoulder and upper arm. In his treatment note on September 10, 2007, Robert Kropac, M.D., diagnosed Ms. Rose with a partial rotator cuff tear and a sprain of the left knee superimposed on degenerative changes. He

1

recommended surgery to treat the shoulder condition. Ms. Rose declined to have surgery at that time. She returned to work on February 26, 2008.

Ms. Rose underwent an independent medical evaluation with Joseph Grady, M.D., on March 18, 2008. He determined that she had reached maximum medical improvement for her compensable knee and neck conditions. He noted that a rating for the left shoulder should be withheld pending an MRI and reevaluation. Ms. Rose injured her back on June 23, 2009, and has not returned to any type of employment since the injury. The claims administrator denied a request on December 22, 2010, to reopen the claim for temporary total disability benefits based upon the fact that Ms. Rose was receiving Social Security retirement benefits.

The Office of Judges affirmed the decision of the claims administrator in its February 13, 2012, Order. Ms. Rose argued that though she is currently collecting Social Security retirement benefits, she has not retired, nor was that her intent. The Office of Judges determined that West Virginia Code of State Rules § 85-1-5.2 (2006), provides that if an individual retires he or she is disqualified from receiving temporary total disability benefits unless the application for benefits was filed prior to retirement. He or she is also barred from reopening a claim for temporary total disability benefits. The Office of Judges concluded that Ms. Rose had in fact retired and was therefore ineligible for temporary total disability benefits.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 17, 2012, decision. However, the Board of Review declined to adopt the Office of Judges' analysis regarding retirement. It found that Ms. Rose injured her shoulder in January of 2007. She returned to full duty in February of 2008. She injured her back on June 23, 2009, and failed to return to work following that injury. The Board of Review ultimately concluded that Ms. Rose failed to meet her burden of proof to establish that she is entitled to a reopening of her claim for temporary total disability benefits.

This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Rose returned to work on full duty following her compensable shoulder injury. She continued to work until she injured her back on June 23, 2009. After that injury, she did not return to any type of employment. Because the decision of the Board of Review is supported by the evidentiary record, it is hereby affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II